UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| PATRICK JAYSON REENERS,<br><br>    Plaintiff,<br><br>v.<br><br>MICHELLE LANDRY JOUVENCE et al.,<br><br>    Defendants. | Case No. 3:23-cv-00401<br><br>Judge Eli J. Richardson<br>Magistrate Judge Alistair E. Newbern |

## MEMORANDUM ORDER

This civil rights and personal injury action brought under 42 U.S.C. § 1983 and state law arises out of pro se Plaintiff Patrick Jayson Reeners's efforts to protest and oppose Defendant Pascal Jouvence's candidacy for city council in Gallatin, Tennessee, and Reeners efforts to post comments on Defendant Sumner County Commissioner Mary Genung's Facebook page. (Doc. No. 4.) Reeners's amended complaint asserts federal civil rights claims against Genung, Jouvence, Jouvence's wife Defendant Michelle Landry Jouvence, and attorney Defendant Randy Lucas. (*Id.*)

Lucas has filed a renewed motion to dismiss Reeners's claims against him under Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process or, in the alternative, under Rule 12(b)(6) for failure to state claims on which relief can be granted. (Doc. No. 54.) Reeners opposes Lucas's renewed motion to dismiss (Doc. Nos. 58, 59), and the motion is ripe for the Court's determination.

I.    **Relevant Background**

Reeners initiated this action on April 24, 2023. (Doc. No. 1.) The following day, he filed an amended complaint that is the operative pleading in this action. (Doc. No. 4.) Reeners's

amended complaint alleges that Lucas is an attorney who "had represented [Reeners] prior to representing" one of the other defendants in this action, and that Lucas made "misrepresent[ations] to [a] Magistrate" to get Reeners arrested and "to cull and prevent [Reeners] from [exercising] his right to free speech."[1] (Doc. No. 4, PageID# 26, ¶ 73.) Reeners asserts claims against Lucas under 42 U.S.C. § 1983 for violation of his constitutional rights to free speech and due process and under 42 U.S.C. § 1985 for conspiring to violate his civil rights. (Doc. No. 4.) The docket shows that, at Reeners's request, the Clerk of Court issued a summons addressed to Lucas on the same day Reeners filed his amended complaint. (Doc. No. 5.)

On August 21, 2023, Reeners moved for entry of default against Lucas under Federal Rule of Civil Procedure 55(a). (Doc. No. 45.) Reeners argued that he effected service of process on Lucas on July 5, 2023, and that Lucas had "failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure." (Doc. No. 45-2, PageID# 550, ¶ 3.) In support of his motion, Reeners attached a proof of service affidavit form signed by non-party Jonathan M. Barlow asserting that Barlow left the summons in a gate on Lucas's porch on July 5, 2023. (Doc. No. 45-1.) Reeners also attached an affidavit stating that he personally "drove [Barlow] to the drive way next to [Lucas's] property" and "witnessed" Barlow leave "the complaint in the gate at [the] top of about 3 stairs leading to [Lucas's] front door . . . ." (Doc. No. 45-2, PageID# 549, ¶ 2.)

On August 25, 2023, Lucas appeared pro se and moved to dismiss Reeners's claims against him under Rule 12(b)(5) for insufficient service of process or, in the alternative, under Rule 12(b)(6) for failure to state claims on which relief can be granted. (Doc. No. 46.) Lucas certified that he served a copy of his motion to dismiss on Reeners via email. (*Id.*) Reeners

---

[1] Lucas states that he "represented . . . Michelle Landry Jouvence[ ] in an action seeking an Order of Protection against [Reeners] . . . ." (Doc. No. 46, PageID# 551.)

responded in opposition to Lucas's motion arguing, among other things, that Lucas did not properly serve him with a copy of the motion to dismiss. (Doc. Nos. 48, 49.) Lucas did not file an optional reply.

While Lucas's first motion to dismiss was still pending, the Clerk of Court denied Reeners's motion for entry of default, finding that, "[b]y filing a Motion to Dismiss the Amended Complaint, Defendant Lucas has expressed a clear intent to defend this action" and that "'a strong public policy . . . in favor of trial on the merits'" therefore weighed against entering default against him. (Doc. No. 50, PageID# 574 (quoting *Higgins v. Dankiw*, No. 8:08CV15, 2008 WL 2565110, at *2 (D. Neb. June 24, 2008)).)

On December 20, 2023, the Court found that Lucas's attempt to serve his motion to dismiss on Reeners via email did not comply with Federal Rule of Civil Procedure 5 and that, "[u]nder these circumstances, . . . the appropriate course of action is to administratively terminate Lucas's motion to dismiss and provide him a short period of time in which to refile the motion and properly serve it on Reeners in compliance with the technical service requirements of Rule 5(b)(2)." (Doc. No. 53, PageID# 581.) The Court therefore directed the Clerk of Court to administratively terminate Lucas's motion and ordered Lucas to file any renewed motion to dismiss by January 8, 2024. (Doc. No. 53.)

Lucas timely filed a renewed motion to dismiss Reeners's claims against him and certified that he served the motion on Reeners by mail. (Doc. No. 54.) Lucas argues that he is entitled to dismissal under Rule 12(b)(5) because Reeners "made no attempt to serve [Lucas] personally nor to leave [the summons] with someone of suitable age and discretion who resided" at Lucas's home as required by state and federal rules governing service of process. (Doc. No. 55, PageID# 591–92.) In the alternative, Lucas argues that he is entitled to dismissal under Rule 12(b)(6) because

3

Case 3:23-cv-00401   Document 75   Filed 03/18/24   Page 3 of 8 PageID #: 798

Reeners has not adequately alleged that Lucas is a state actor for purposes of liability under § 1983 and § 1985. (Doc. No. 55.)

Reeners opposes Lucas's renewed motion to dismiss, arguing that dismissal under Rule 12(b)(5) is not warranted because Lucas "received the summons that was left at his address for him" and the applicable rules do "not state that the summons must be directly handed to the person" being served. (Doc. No. 58, PageID# 625, 626.) In response to Lucas's alternative Rule 12(b)(6) argument that Reeners has not sufficiently alleged that Lucas is a state actor for purposes of § 1983 and § 1985, Reeners argues that "several mitigating factors are looked at for proper claims against a private person" and that Lucas's argument that "private citizen[s] . . . are immune from being state actors . . . is border line violating the rules of the court about lying . . . ." (*Id.* at PageID# 625.)

Lucas did not file an optional reply in support of his renewed motion to dismiss.

## II. Legal Standard

"[T]he requirement of proper service of process 'is not some mindless technicality[,]'" *Friedman v. Est. of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991) (quoting *Del Raine v. Carlson*, 826 F.2d 698, 704 (7th Cir. 1987)), nor is it "meant to be a game or obstacle course for plaintiffs[,]" *Ace Am. Ins. Co. v. Meadowlands Dev. Ltd. P'ship*, 140 F. Supp. 3d 450, 455 (E.D. Pa. 2015). Rather, it goes to the very heart of a court's ability to hear a case. "[W]ithout proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant." *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012); *see also Mann v. Castiel*, 681 F.3d 368, 372 (D.C. Cir. 2012) (explaining that "[s]ervice is . . . not only a means of 'notifying a defendant of the commencement of an action against him,' but 'a ritual that marks the court's assertion of jurisdiction over the lawsuit'" (citation omitted)). Where personal jurisdiction is not

properly established, a court cannot exercise its authority consistent with due process of law. *See Friedman*, 929 F.2d at 1156–57.

Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The Court must extend the time for service upon a showing of good cause, and the Court may exercise its discretion to permit late service even where a plaintiff has not shown good cause. *United States v. Oakland Physicians Med. Ctr., LLC*, 44 F.4th 565, 568 (6th Cir. 2022) (first citing Fed. R. Civ. P. 4(m); and then citing *Henderson v. United States*, 517 U.S. 654, 662 (1996)). Otherwise, the language of Rule 4(m) mandates dismissal, either on motion or sua sponte. Fed. R. Civ. P. 4(m); *see also Byrd v. Stone*, 94 F.3d 217, 219 & n.3 (6th Cir. 1996). In light of this plain language, it is well established that Rule 4(m) empowers a court to dismiss complaints without prejudice "upon the court's own initiative with notice to the plaintiff." *Hason v. Med. Bd. of Cal.*, 279 F.3d 1167, 1174 (9th Cir. 2002); *see also Friedman*, 929 F.2d at 1155 n.4 (noting that "the issue of ineffective service of process may be raised sua sponte").

The Sixth Circuit has directed district courts to consider seven factors in "deciding whether to grant a discretionary extension of time in the absence of a finding of good cause:"

> (1) whether an extension of time would be well beyond the timely service of process;
>
> (2) whether an extension of time would prejudice the defendant other than the inherent prejudice in having to defend the suit;
>
> (3) whether the defendant had actual notice of the lawsuit;
>
> (4) whether the court's refusal to extend time for service substantially prejudices the plaintiff, i.e., would the plaintiff's lawsuit be time-barred;

(5) whether the plaintiff had made any good faith efforts to effect proper service of process or was diligent in correcting any deficiencies;

(6) whether the plaintiff is a pro se litigant deserving of additional latitude to correct defects in service of process; and

(7) whether any equitable factors exist that might be relevant to the unique circumstances of the case.

*Oakland Physicians' Med. Ctr., LLC*, 44 F.4th at 569.

Rule 12(b)(5) authorizes courts to dismiss a complaint for insufficient service of process, including for failure to comply with the service requirements of Federal Rule of Civil Procedure 4. Fed. R. Civ. P. 12(b)(5); *see* 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1353 (3d ed. supp. Apr. 2023) ("A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint." (footnote omitted)). "In deciding a motion to dismiss under Rule 12(b)(5), the court may refer to record evidence in determining the sufficiency of service[,]" including "uncontroverted affidavits . . . ." *Metro. Alloys Corp. v. State Metals Indus., Inc.*, 416 F. Supp. 2d 561, 563 (E.D. Mich. 2006); *see also Spencer v. Caracal Int'l, LLC*, 516 F. Supp. 3d 755, 758 (M.D. Tenn. 2021) (finding that courts considering Rule 12(b)(5) motions "'may look to "record evidence" and "uncontroverted affidavits" in determining'" sufficiency of service (quoting *Chapman v. Lawson*, 89 F. Supp. 3d 959, 971 (S.D. Ohio 2015))). The plaintiff bears the burden to establish that service was proper. *Spencer*, 516 F. Supp. 3d at 758; *Sawyer v. Lexington-Fayette Urb. Cnty. Gov't*, 18 F. App'x 285, 287 (6th Cir. 2001) (citing *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996)).

### III. Analysis

Lucas argues that the Court should dismiss Reeners's claims against him under Rule 12(b)(5) because Reeners did not serve him with the summons and complaint in accordance with Rule 4(e). (Doc. No. 55.) Rule 4(e) establishes the procedure for serving competent

individuals within the United States and provides two avenues for accomplishing service. Fed. R. Civ. P. 4(e). First, under Rule 4(e)(2), service may be made by:

> **(A)** delivering a copy of the summons and of the complaint to the individual personally;
>
> **(B)** leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> **(C)** delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(2)(A)–(C). Alternatively, under Rule 4(e)(1), service may be accomplished by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Fed. R. Civ. P. 4(e)(1). Tennessee Rule of Civil Procedure 4.04(1) provides that an individual defendant may be served

> by delivering a copy of the summons and of the complaint to the individual personally, or if he or she evades or attempts to evade service, by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein, whose name shall appear on the proof of service, or by delivering the copies to an agent authorized by appointment or by law to receive service on behalf of the individual served.

Tenn. R. Civ. P. 4.04(1).

Reeners has not shown that his attempt to serve Lucas by leaving a copy of the summons and complaint in Lucas's front porch gate complies with either Federal Rule of Civil Procedure 4(e)(2) or Tennessee Rule of Civil Procedure 4.04(1). *See Greer v. Swift*, Case No. 3:20-cv-00436, 2020 WL 12894401, at *2–3 (M.D. Tenn. Dec. 14, 2020) (denying plaintiff's request to serve defendant by "'leav[ing] the Complaint at the gate' of [defendant's] home" because plaintiff failed to show this method "complies with Rule 4(e)(2)'s established avenues for effecting service" or is "authorized by Tennessee law"), *report and recommendation adopted*, 2021 WL 6498741 (M.D. Tenn. Jan. 15, 2021); *Berkley v. Williams*, No. 17-2909, 2019 WL 639026, at *4 (W.D. Tenn. Feb. 14, 2019) ("Merely leaving process at or near the door of the

defendant's residence is insufficient."). Accordingly, Reeners has not carried his burden to show that he served Lucas in compliance with Federal Rule of Civil Procedure 4(e).

However, considering the factors established by the Sixth Circuit for determining when a discretionary extension of time is appropriate under Rule 4(m), the Court finds that a short extension of the service period is appropriate. Ordering Reeners to serve Lucas within a set period of time best balances the requirements of due process and the Court's desire to resolve claims on their merits. *United States v. $22,050.00 U.S. Currency*, 595 F.3d 318, 322 (6th Cir. 2010) (addressing "strong preference" for resolving claims on merits rather than procedural grounds in context of denial of default judgment). Lucas has had actual knowledge of these proceedings and the prejudice to him of allowing Reeners a short period of time in which to effect service is minimal. And, although his efforts were unsuccessful, Reeners did attempt to serve Lucas. His status as a pro se litigant further counsels in favor of affording him the opportunity to do so properly. *Oakland Physicians' Med. Ctr., LLC*, 44 F.4th at 569.

### IV. Conclusion

Accordingly, Reeners shall serve Lucas in compliance with all applicable rules by no later than April 8, 2024. Fed. R. Civ. P. 4(m). Reeners is advised that failure to serve Lucas properly by this date will likely result in his claims against Lucas being dismissed for failure to effect service. *Id.*

Lucas's motion to dismiss (Doc. No. 54) is TERMINATED WITHOUT PREJUDICE to refiling if Reeners does not effect proper service within 21 days of the date of this order.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge